IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LORENZA ZACKERY, | ) |
| Petitioner, | ) |
| | ) NO. 3:21-CV-00009 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| GRADY PERRY, | ) MAGISTRATE JUDGE |
| | ) NEWBERN |
| Respondent. | ) |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by Lorenza Zackery, an inmate of the South Central Correctional Facility in Clifton, Tennessee. (Doc. No. 1). Petitioner challenges his conviction and sentence for two counts of rape of a child for which he currently is serving concurrent sentences of twenty years at 100% in the Tennessee Department of Correction.

Respondent has filed a Motion to Dismiss the petition as untimely (Doc. No. 12), and Petitioner has filed a Response. (Doc. No. 18). The Motion is ripe for review and, for the reasons set forth herein, the Court will grant Respondent's Motion.

**I.  Background**

The petitioner was indicted by a Davidson County grand jury for six counts of a rape of a child, seven counts of rape, three counts of statutory rape by an authority figure, and one count of especially aggravated sexual exploitation of a minor. *Lorenza Zackery v. State of Tenn.*, No. M2013-00718-CCA-R3-PC, 2013 WL 6705995, at *1 (Tenn. Crim. App. Dec. 19, 2013), *perm. app. denied* (Tenn. May 14, 2014). The victim was Petitioner's stepdaughter. *Id*. On January 24, 2011, Petitioner entered a guilty plea. (Doc. No. 11, Attach. 1 at PageID# 101). Pursuant to that

1

plea agreement, Petitioner was convicted of two counts of rape of a child and received concurrent sentences of twenty years at 100% service. Petitioner did not file a direct appeal.

On December 2, 2011, Petitioner filed a timely pro se state post-conviction petition in the Davidson County Criminal Court. (Doc. No. 11, Attach. 1 at PageID# 105-09). The court appointed counsel (*id*. at PageID# 119), who filed an amended petition (*id*. at PageID# 120-25). After conducting an evidentiary hearing, the state post-conviction court denied relief. (*Id*. at PageID# 175-80). Petitioner appealed and, on December 19, 2013, the Tennessee Court of Criminal Appeals denied relief. *Zackery*, 2013 WL 6705995, at *1. The Tennessee Supreme Court denied Petitioner's application for permission to appeal on May 14, 2014. *Id*.

On February 19, 2015, Petitioner filed a petition for writ of error coram nobis (Doc. No. 11, Attach. 10 at PageID# 419-25), which the state court denied. (*Id*. at PageID# 463-65). Petitioner appealed, and the Tennessee Court of Criminal Appeals denied relief on December 30, 2015. *Lorenza Zackery v. State of Tenn.*, No. M2015-00890-CCA-R3-ECN, 2015 WL 9581557, at *1 (Tenn. Crim. App. Dec. 30, 2015), *perm. app. denied* (Tenn. Aug. 19, 2016). The Tennessee Supreme Court denied discretionary review. *Id*.

Petitioner then filed a state writ of habeas corpus (Doc. No. 11, Attach. 18 at PageID# 582-600), which the state court summarily dismissed. Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed the judgment of the habeas corpus court. *Lorenza Zackery v. State of Tenn.*, No. M2018-00944-CCA-R3-HC, 2019 WL 211923, at *1 (Tenn. Crim. App. Nov. 15, 2018). Petitioner did not seek further review of that decision.

Petitioner then filed the instant petition for writ of habeas corpus with this Court. (Doc. No. 1). Petitioner signed his petition, but he did not indicate the date on which he placed the

2

petition into the prison mail system.[1] (*Id*. at PageID# 44). The Court received the petition on January 7, 2021. (*Id*. at PageID# 46).

Upon receiving the petition, the Court conducted a preliminary review under Rule 4, Rules – Section 2254 Cases and ordered Respondent to file an answer, plead, or otherwise respond to the petition in conformance with Rule 5, Rules § 2254 Cases. (Doc. No. 8). In response, Respondent filed a Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. 12), to which Petitioner filed a Response in opposition. (Doc. No. 18). That Motion is now ripe.

## II.     Timeliness Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which is relevant here—"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Where a Tennessee petitioner did not pursue a direct appeal of his conviction or sentence following a guilty plea, his state court conviction is deemed "final" upon the expiration of the thirty-day time period during which he could have commenced a direct appeal. *See, e.g., Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)).

However, the AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court.

counted against the one-year limitations period. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

**III.  Analysis**

The date on which Petitioner's judgment became final by conclusion of direct review was February 23, 2011, upon the expiration of the thirty-day time period during which he could have filed a timely direct appeal. *See Feenin*, 110 F. App'x 669, 671. Under Section 2244(d)(1)(A), Petitioner therefore had one year from that date, or until February 23, 2012, to timely file his federal habeas petition. Thus, Petitioner's AEDPA one-year limitations period commenced on February 24, 2011, and ran for 282 days until Petitioner submitted his post-conviction petition on December 2, 2011.[2] Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA limitations period was tolled while his petition for post-conviction relief was pending before the state court. Then the limitations period began to run again on May 15, 2014, the day after the Tennessee Supreme Court denied review in the post-conviction proceeding. At that time, Petitioner had 83 days, or until August 6, 2014, remaining to timely file his federal habeas corpus petition.

Petitioner filed the instant Section 2254 petition **over six years** beyond the AEDPA's one-year limitations period. Accordingly, the Court finds that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations for Petitioner's claims.

---

[2] The petition seeking a writ of error coram nobis filed by Petitioner on February 19, 2015 had no tolling effect because he filed the motion 197 days after the AEDPA statute of limitations had expired. *See Johnson v. Westbrooks*, No. 3:13-cv-430, 2013 WL 1984395, at *1 (M.D. Tenn. May 13, 2013) ("Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitations.")

4

However, the Sixth Circuit has held that the one-year limitations period applicable to Section 2254 is not jurisdictional and, thus, is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001); *see also Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (the "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances.") (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden*, *Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Here, Petitioner acknowledges the untimeliness of his petition. (Doc. No. 1 at PageID# 7). However, he argues that he is entitled to equitable tolling because he is actually innocent of the crime of rape of a child. (*Id*. at PageID# 8-9; Doc. No. 18 at PageID# 670).

A "credible showing of actual innocence" may permit a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a credible claim of actual innocence "is extremely rare," *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005), and it "should 'remain rare' and 'only be applied in the extraordinary circumstance.'" *Id*. at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

To satisfy the actual innocence exception, a petitioner must show "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. 298, 324. The court may then equitably toll the statute of limitations only if, "[a]fter viewing all of the evidence, […] 'it is more

likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (quoting *Schlup*, 513 U.S. at 327). Thus, the threshold inquiry in assessing a credible claim of actual innocence is "whether new facts raise sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial." *Souter*, 396 F.3d at 590 (citing *Schlup*, 513 U.S. at 316). Notably, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

Here, Petitioner asserts in the petition that he is actually innocent because "the age of the victim 'was not less than 13,' [and therefore] the [State] could not legally prosecute Petitioner [] for any unlawful sexual penetration of the victim [] prior to her 13th birthday." (Doc. No. 1 at PageID# 9). In support of his assertion, Petitioner submits a copy of a letter from a Montgomery County public defender asserting that Petitioner's May 21, 2018 Montgomery County trial on the charge of a rape of a child was dismissed due to the State entering a nolle prosequi notice. (*Id.* at PageID# 10). Petitioner accompanies this letter with a copy of a 2018 judgment dismissing his Montgomery County rape of a child charge due to the State's nolle notice. (*Id.* at PageID# 11).

Petitioner's "new evidence" does not satisfy the standard for meeting the actual innocence exception. Petitioner's federal habeas petition challenges his 2011 guilty plea to the rape of his stepdaughter in Davidson County, Tennessee. (Doc. No. 1 at PageID# 6). Petitioner's purported new evidence simply alerts this Court to the State's nolle of a separate charge of rape of a child originating from Montgomery County, Tennessee and for which Petitioner was set to stand trial in 2018. It does not show that victim *in this case* was not 13 years of age at the time of the rape. Even more importantly, the alleged new evidence does not show that Petitioner's confession to the

crimes at issue, as set forth in his plea agreement, should be set aside due to new critical evidence supporting Petitioner's instant claims of actual innocence.

In his Response to Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus, Petitioner takes a different path. He argues that there is a "genuine issue of material fact in dispute" regarding whether the victim was younger than thirteen years old, and this dispute "entitles Petitioner to an evidentiary hearing and prevent[s] this court from granting Respondent[']s Motion to Dismiss." (Doc. No. 18 at PageID# 667). He points to "the official factual findings by Carlton M. Lewis, Magistrate of the Davidson county Juvenile Court, [that] the victim D.W.'s testimony that 'the sex abuse began when she was thirteen years old.'" (Doc. No. 18 at PageID# 670). According to Petitioner, the "trustworthy eyewitness account" of the victim, as recounted by Magistrate Lewis, demonstrates that Petitioner is actually innocent of the crime of rape of a child.

Following a hearing on November 3, 2009 upon an emergency petition to adjudicate dependency and neglect filed by the State of Tennessee Department of Children's Services, the Magistrate of the Juvenile Court of Davidson County entered an Order of Adjudication and Disposition which contained the following statement: "[The victim] testified that sex abuse began when she was thirteen years old." (*Id*. at PageID# 21-22). The Magistrate Judge's Order reflects that Petitioner was present at that hearing. (*Id*.) Petitioner therefore clearly knew of the victim's juvenile hearing testimony before he entered his guilty plea on January 24, 2011. As such, this "new" eyewitness evidence Petitioner offers in support of his actual innocence is not new as Petitioner alleges. *See Schlup*, 513 U.S. 298, 324 (to satisfy the actual innocence exception, a petitioner must show "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.").

7

Petitioner insists that "it was not merely probably, but absolutely certain, that no reasonable juror would vote to convict him of rape of a child, when the victim's own sworn testimony and corroborating physical evidence demonstrated by an absolute certainty that the unlawful sexual penetration did not occur until after the victim turned thirteen (13) years of age." (Doc. No. 1 at PageID# 26-27). But Petitioner's argument again ignores his guilty plea to two counts of rape of a child. It ignores that Petitioner accepted the State's underlying factual basis in support of the convictions at his guilty plea hearing, specifically that he "did engage in unlawful sexual penetration of the victim[] who was at the time a child less than 13 years of age[]." (Doc. No. 11, Attach. 6 at PageID# 349-50).

To the extent Petitioner attempts to argue that he was coerced into pleading guilty, that road has been well travelled. During state post-conviction proceedings, Petitioner argued that he had entered his guilty plea involuntarily and unknowingly due to counsel's ineffectiveness. *Zackery*, 2013 WL 6705995, at *1. The post-conviction court denied relief and found that Petitioner entered his plea voluntarily and knowingly and that he had failed to prove ineffective assistance of counsel. *Id*. at *7. In affirming the post-conviction court's decision, the Tennessee Court of Criminal Appeals found that

> the record establishes that the petitioner stood before the trial court and was advised of his rights prior to the acceptance of his plea. He was advised of possible sentences, and he was aware of the evidence against him. The petitioner, in open court, testified that he was entering the plea freely and voluntarily. **He cannot now disavow his own statements and maintain credibility with the court**.

*Zackery*, 2013 WL 6705995, at *8 (emphasis added). In so finding, the state appellate court also noted trial counsel's testimony that he "was certain" that the Petitioner would have been convicted if he elected to proceed to trial because

> there was overwhelming proof of guilt on the [P]etitioner's part, including a video he had made of himself and the victim having sex, an aborted pregnancy by the

8

Case 3:21-cv-00009    Document 19    Filed 11/02/21    Page 8 of 10 PageID #: 686

> victim, and a second pregnancy carried to term and delivered when the victim was fifteen years old. Additionally, the [P]etitioner had made statements to others that he had been having sex with the victim since she was 'little,' and he had made tape-recorded admissions to his wife and the victim.

*Id*. at *3.

Although a petitioner who pled guilty may raise claims of actual innocence, here Petitioner has not supported his claim of actual innocence with any new, reliable evidence. *See Hearing v. Perry*, No. 2:18-CV-00094-RLJ-CRW, 2021 WL 4619925, at *8 (E.D. Tenn. Oct. 6, 2021) (citing *Bousley*, 523 U.S. 614, 623). As the Tennessee Court of Criminal Appeals found, this Court also finds that Petitioner cannot now credibly contend that he did not the commit the acts to which he pled guilty in a court of law. *See Hearing*, 2021 WL 4619925, at *8 (finding that petitioner who pled guilty had not supported his claim of actual innocence but "rather attempts to support the claim largely by presenting his perspective casting doubt on various pieces of evidence gathered by the state. These self-serving assertions cannot demonstrate that it is more likely than not that no reasonable juror would have found Petitioner guilty, *particularly where Petitioner's own assertions of guilt during his plea colloquy undermine his claim that he is factually innocent*.") (emphasis added). Moreover, there was substantial evidence supporting that Petitioner is not factually innocent. The bar for the actual innocence exception is high, and Petitioner has failed to offer sufficient new, reliable evidence to demonstrate that a fundamental miscarriage of justice will occur if his claims are not granted review.

In summary, the Court finds that Petitioner cannot meet the high burden of showing that he is entitled to equitable tolling on the basis of actual innocence. *See Schlup*, 513 U.S. 298, 316. Accordingly, the Court finds that the present petition is barred by the statute of limitations established by 28 U.S.C. §§ 2244(d)(1)(D) and may not be considered on the merits by this Court.

## IV. Conclusion and Order

Petitioner filed his petition well beyond the AEDPA's one-year limitations period, and he has not established that he is entitled to equitable tolling. Accordingly, the petition is **DISMISSED** as time-barred under 28 U.S.C. § 2244(d)(1).

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Petitioner's petition and Respondent's Motion to Dismiss, the Court **DENIES** a COA.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE